IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EMILY SLACK | § | |
| | § | |
| v. | § | Case No. 1:17-cv-897-LY |
| | § | |
| BLUE CROSS BLUE SHIELD OF TEXAS, | § | |
| A DIVISION OF HEALTH CARE SERVICE | § | |
| CORPORATION, A MUTUAL LEGAL | § | |
| RESERVE COMPANY | § | |

## ORIGINAL ANSWER

Defendant Health Care Service Corporation, operating in Texas through its division Blue Cross Blue Shield of Texas ("BCBSTX"), respectfully files the following Answer to Plaintiff's Original Complaint ("Complaint").[1]

### RESPONSES TO PLAINTIFF'S ALLEGATIONS

1. Pursuant to Texas Rule of Civil Procedure 190.3, this case is governed by Discovery Control Plan, Level 2.

**Response:** **Paragraph 1 of the Complaint is required by Texas Rules of Civil Procedure, and no response is required. To the extent a response is required, BCBSTX denies the allegations in Paragraph 1 of the Complaint.**

2. Ms. Slack's claim arises from BCBS's failure to provide health insurance coverage as agreed and as paid for by Ms. Slack. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff states that she seeks damages within the jurisdictional limits of this court, specifically monetary relief over $100,000.00 but not more than $200,000.00 and non-monetary relief in the form of declaratory judgment relief.

**Response:** **BCBSTX denies the allegations in Paragraph 2 of the Complaint.**

---

[1] This case was filed in the 419th Judicial District Court of Travis County Texas, and removed to this Court. Plaintiff has not amended her pleadings since the case was removed. Hence, her pleading is captioned as a Petition, but will be referred to herein as the Complaint.

1

3. Plaintiff is an individual residing in Travis County, Texas.

**Response:     BCBSTX admits the allegations in Paragraph 3 of the Complaint.**

4. Defendant, Blue Cross Blue Shield of Texas, a division of Health Care Service Corporation, is a foreign insurance company that is doing business in Texas and may be served with citation by and through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

**Response:     BCBSTX denies that it is a foreign insurance company. BCBSTX admits the remaining allegations in Paragraph 4 of the Complaint.**

5. Venue is proper in Travis County because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Travis County. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

**Response:     BCBSTX admits the allegations in Paragraph 5 of the Complaint.**

6. All conditions precedent to recovery have been met or have occurred.

**Response:     BCBSTX denies the allegations in Paragraph 6 of the Complaint.**

7. Ms. Slack sought and acquired health insurance through BCBS. On September 2, 2016, and while she was covered by BCBS's policy of health insurance, Ms. Slack was injured in a climbing accident. She suffered a complex ankle fracture and a fracture to her spine. She was transported on an emergency basis by ambulance to St. David's in South Austin, less than a mile from where the accident occurred.

**Response:     BCBSTX admits that Ms. Slack obtained health coverage through BCBSTX, which was in effect on September 2, 2016, when she was injured, and that she was transported by ambulance to St. David's.  BCBSTX lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 of the Complaint, which are therefore denied.**

8. After being treated in the emergency room, Ms. Slack was transferred to the intensive care unit and then ultimately to a private room. During her entire stay at St. David's the complexity of Ms. Slack's injuries and treatment required that she continue to be treated on an emergent care basis. Ms. Slack was never advised that St. David's was not in the Blue Cross Blue Shield network, that her care was not emergent in nature or that she should be transferred to an in-network facility. Ms. Slack was under the impression during her entire stay at the hospital that she was being charged on an in-network basis. In fact, when she later underwent physical therapy with St. David's it was treated as in-network and she was not required to pay anything out of pocket.

**Response:    BCBSTX admits the first sentence of Paragraph 8, and denies the second sentence. BCBSTX but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 of the Complaint, which are therefore denied.**

9. Only after she was released from the hospital and received explanations of benefits from BCBS did Ms. Slack first understand the amount of St. David's charges and the fact that BCBS was treating the stay as out-of-network.

**Response:    BCBSTX lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint, which are therefore denied.**

10. First, St. David's South Austin Medical Center is listed as an in-network facility for Ms. Slack's plan. Second, even if the St. David's facility is not in-network, the services provided to Ms. Slack qualify as "Emergency Services" as defined by her policy.

**Response:    BCBSTX denies the allegations in Paragraph 10 of the Complaint.**

11. The policy addresses this issue in multiple contexts:

First, "Emergency Care" is defined as meaning, "health care services provided in a Hospital emergency facility, freestanding emergency medical care facility, or comparable facility to evaluate and stabilize medical conditions of a recent onset and severity, including, but not limited to severe pain, that would lead a prudent layperson, possessing an average knowledge of medicine and health, to believe that his condition, sickness, or injury is of such a nature that failure to get immediate medical care could result in:

- placing the patient's health in serious jeopardy;
- serious impairment to bodily functions;
- serious dysfunction of any bodily organ or part;
- serious disfigurement; or
- in the case of a pregnant woman…"

**Response:** **BCBSTX admits that Paragraph 11 of the Complaint accurately quotes the definition of Emergency Care in Plaintiff's health policy. BCBSTX denies the remaining allegations in Paragraph 11 of the Complaint.**

12. In the section of the policy entitled, "How the Plan Works" it states that, "You are entitled to medical care and services from Participating Providers …" "Only services that are performed, prescribed, directed or authorized in advance by the PCP or HMO are covered benefits under this Evidence of Coverage **except Emergency Care**, Urgent Care, Virtual Visits, Retail Health Clinic visits or Covered Services provided to female Members, who may directly access an Ob/Gyn…."

**Response:** **BCBSTX denies the allegations in Paragraph 12 of the Complaint.**

13. Later, in the section discussing Out-of-Network Services, the policy states, "You may obtain Covered Services from Providers who are not part of HMO's network of

4

Participating Providers **when receiving Emergency Care**."

**Response:** **BCBSTX admits that Paragraph 13 of the Complaint accurately quotes from the Out-of-Network Services section in Plaintiff's health policy. BCBSTX denies that any of that section of the policy appears in bold, and therefore denies the remaining allegations in Paragraph 13 of the Complaint.**

14.   In the section on Covered Services and Benefits the policy states, "Services, **except Emergency Care** and treatment of breast cancer, must be arranged by your PCP and Preauthorized by HMO"

**Response:** **BCBSTX admits that under the Inpatient Hospital Services section of the portion entitled Covered Services and Benefits, the policy provides, "Services, except Emergency Care and treatment of breast cancer, must be arranged by Your PCP and Preauthorized by HMO." BCBSTX otherwise denies the allegations in Paragraph 14 of the Complaint.**

15.   Emergency Services are defined as, "Emergency Care services whether rendered by a Participating or non-Participating Providers will be covered, based upon the signs and symptoms presented at the time of treatment as documented by the attending health care personnel, whether the Emergency Care services were received within the Service Area or Out of Area…."

**Response:** **BCBSTX admits that Plaintiff has accurately quoted the policy language, but denies that the quoted language defines Emergency Services, and therefore denies the allegations in Paragraph 15 of the Complaint.**

16.   And finally, in the Limitations and Exclusions, the policy states that non-participating Providers are excluded except for Emergency Care.

**Response:    BCBSTX admits that the policy provides that Emergency Care may be covered even if provided by a non-Participating Provider.  BCBSTX denies the remaining allegations in Paragraph 16 of the Complaint.**

17. Because it is clear that either St. David's is in-network or that the treatment Ms. Slack received was emergency in nature and is covered by the policy in that regard, Blue Cross Blue Shield should cover the reasonable medical charges for the services provided to Ms. Slack by St. David's. BCBS's failure to do so amounts to a breach of contract and violations of Texas Insurance Code Sections 541 and 542.

**Response:    BCBSTX denies the allegations in Paragraph 17 of the Complaint.**

18. BCBS's actions amount to a breach of the contract between Ms. Slack and Blue Cross. Ms. Slack applied for and was accepted for insurance coverage by BCBS. She paid the required premiums, entering into a binding contract for insurance with Blue Cross. Blue Cross breached the contract by denying Ms. Slack's claim. Ms. Slack is entitled to recover her actual damages, court costs and reasonable and necessary attorney's fees pursuant to Texas Civil Practice & Remedies Code, Section 38.001, et seq.

**Response:    BCBSTX admits that Ms. Slack had coverage through BCBSTX, and that her premiums were paid timely. BCBSTX denies the remaining allegations in Paragraph 18 of the Complaint.**

19. BCBS's actions as described above amount to Unfair Settlement Practices as defined by Texas Insurance Code, Section 541.060. Specifically, BCBS has misrepresented facts and policy provisions and has failed to attempt in good faith to settle claims on which liability has become clear. BCBS's violations have been a producing cause of damages to Ms. Slack. Because BCBS has acted knowingly, Ms. Slack is is entitled to an additional award of three

times her actual damages. Texas Insurance Code, Section 541.152(b). She is also entitled to her reasonable and necessary attorney's fees.

      **Response:** **BCBSTX denies the allegations in Paragraph 19 of the Complaint.**

20.    BCBS's actions also amount to a violation of Texas Insurance Code, Sections 542.051-061. As such, Ms. Slack is entitled to 18% per annum in addition to the amount of her claim, plus attorneys' fees.

      **Response:** **BCBSTX denies the allegations in Paragraph 20 of the Complaint.**

21.    Pursuant to Texas Civil Practice & Remedies Code, Section 37.001, et seq., Ms. Slack seeks a declaration from this Court, including, but not limited to the following: (1) that she is covered by Blue Cross Blue Shield of Texas Group Number 168716 and Identification Number 924218163, effective at all times relevant to the claims made the basis of this lawsuit; and (2) that she is entitled to coverage and payment for services rendered to her on and around September 2, 2016 by St. David's and other healthcare providers. Additionally, Ms. Slack seeks her reasonable and necessary attorney's fees pursuant to the Declaratory Judgment Act.

      **Response:** **BCBSTX admits that Ms. Slack's policy was in force at the time she suffered her injuries, and that her group number was 168716, and subscriber number 924218163. BCBSTX denies the remaining allegations in Paragraph 21 of the Complaint, and further denies that Plaintiff is entitled to any of the relief sought in Paragraph 21 of the Complaint.**

22.    Plaintiff has requested that this case be decided by a jury as allowed by Tex. R. Civ. P. 216. The appropriate jury fee has been paid.

      **Response:** **BCBSTX admits the allegations in Paragraph 22 of the Complaint.**

23.    Plaintiff prays that upon final trial of this case she have judgment against Defendant for actual damages, an additional three times her actual damages, reasonable and

necessary attorney's fees, pre-judgment and post-judgment interest, costs of court, the declarations set forth above and such other relief to which Plaintiff may show herself justly entitled.

**Response:   BCBSTX denies the allegations in Paragraph 22 of the Complaint, and further denies that Plaintiff is entitled to any of the relief sought in Paragraph 22 of the Complaint.**

### AFFIRMATIVE DEFENSES

In addition to the specific responses to Plaintiff's allegations, detailed above, BCBSTX pleads the following affirmative defenses.

1. BCBSTX denies that there has been a breach of the policy.

2. The Complaint fails to state facts sufficient to constitute a claim for relief against BCBSTX.

3. Plaintiff's recovery herein, if any, is limited and based upon the terms, conditions, limitations, exclusions, and other provisions of the policy. The policy and its terms are the best evidence of the conditions, coverages, exclusions, limitations, and all other matters pertaining thereto, and BCBSTX relies upon the policy and its terms as a complete defense to Plaintiff's claims for relief and/or additional benefits.

4. If Plaintiff has sustained any damages, which BCBSTX denies, she failed to mitigate said damages.

5. Plaintiff has not supplied BCBSTX with sufficient facts, proof or documentation that would support the payment to Plaintiff of any benefits beyond those already paid.

6. BCBSTX's actions were taken in good faith in accordance with the provisions of the policy and BCBSTX complied with and performed its promises, obligations and duties under the policy and the handling and investigation of Plaintiff's claims for benefits under the policy.

7. BCBSTX pleads the affirmative defense of payment.

8. In the unlikely event the Court finds that additional benefits are payable under the policy, BCBSTX avers that there was no breach of the policy, no bad faith, and no violation of the Texas Insurance Code. Further, any act or omission committed by BCBSTX was not committed knowingly. Plaintiff is therefore not entitled to treble damages.

9. BCBSTX denies that all of the medical services provided to Plaintiff at St. David's were for Emergency Care.

10. Any alleged mental anguish sustained by Plaintiff is factually and legally insufficient to substantiate damages for mental anguish.

11. BCBSTX presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated affirmative defenses. BCBSTX reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

WHEREFORE, PREMISES CONSIDERED, Defendant BCBSTX respectfully requests that Plaintiff take nothing by her suit; that BCBSTX be awarded its attorney's fees and costs of court; and such other relief, both legal and equitable, to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Andrew F. MacRae
ANDREW F. MACRAE
*State Bar No. 00784510*
LEVATINO|PACE PLLC
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
Tel:  (512) 637-1581
Fax:  (512) 637-1583

Attorney for Defendant

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing Original Answer has been filed through the CM/ECF system on this 22nd day of December, 2017.  I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record:

Jon Michael Smith
3305 Northland Drive
Suite 500
Austin, Texas 78731


                                                        /s/ Andrew F. MacRae
                                                 ANDREW F. MacRAE